**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CRISTIAN MAURICIO PAREDES PADILLA,

Petitioner,

vs.

No. 1:26-cv-00324-DHU-LF

GEORGE DEDOS, Warden of Cibola County Correctional Center, MARY DE ANDA-YBARRA, Field Officer Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review, Department of Homeland Security; Immigration and Customs Enforcement; and TODD BLANCHE, U.S. Attorney General,

Respondents.

# ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Cristian Mauricio Paredes Padilla's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs and the relevant law, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

## I.
## FACTUAL BACKGROUND

Cristian Mauricio Paredes Padilla ("Petitioner") is a native and citizen of Ecuador who entered the United States without inspection in 2021. Doc. 1 at 8. On or about January 22, 2026, he was apprehended by Immigration and Customs Enforcement ("ICE") in Minnesota and is

presently held in ICE's custody at the Cibola County Correctional Center in Milan, New Mexico. *Id.* at 8-9.

On February 9, 2026, Petitioner filed the instant Petition. In the Petition, Petitioner argues that he is detained in violation of the Immigration and Nationality Act, 8 U.S.C. § 1226, its implementing regulations, and the Due Process Clause of the Fifth Amendment. *Id.* at 20-23. Petitioner asks this Court to (1) assume jurisdiction over this matter; (2) issue an Order restraining Respondents from attempting to move Petitioner from the District of New Mexico during the pendency of this Petition; (3) declare that his continued detention violates the Due Process Clause of the Fifth Amendment and the INA; (4) Order Petitioner's immediate release or, alternatively, to Order Respondents to hold a bond hearing under 8 U.S.C. § 1226(a) within three days; and (5) award Petitioner reasonable attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* at 28-29.

On February 24, 2026, Petitioner appeared for a hearing before an Immigration Judge ("IJ"); the IJ ordered pre-conclusion voluntary departure, requiring departure within sixty days of the order or within any extensions that the Department of Homeland Security ("DHS") may grant Doc. 6-2 at 1. Petitioner and Respondent both waived appeal. *Id.* at 3.

On March 5, 2026, Respondents filed their response to the Petition, asking the Court to deny the Petition because Petitioner did not appeal his final order of removal and thus, under 8 U.S.C. § 1231(a)(2), DHS is mandated to detain noncitizens who are subject to a final order of removal. Doc. 6 at 4. Additionally, Respondents argue that, because the February 24, 2026, IJ order is *final*, ICE's detention can be prolonged until August 24, 2026. *Id.* at 3-4[1] (emphasis added).

---

[1] Respondents cite to *Zadvydas v. Davis*, outlining that 28 U.S.C. § 1231(a)(6) "does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but 'limits an alien's post-removal-period detention to a period reasonably necessary to bring about

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being unlawfully detained in violation of the INA, specifically Section 1226, its implementing regulations, and the Due Process Clause. *See* Doc. 1 at 20-23.

### A. Due Process Clause

The Due Process Clause of the Fifth Amendment prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 701 (citation omitted). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence is lawful, unlawful, temporary, or permanent." *Id.* at 679.

### B. Removal Period

A removable noncitizen may be detained during his removal proceedings and after he receives an order of removal that becomes final. *See* 8 U.S.C. §§ 1225, 1226, 1231. Section 1231 governs the latter. 8 U.S.C. § 1231(a)(2)-(6).

In general, when a noncitizen is ordered removed, the Attorney General shall remove them within 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). During the removal period, ICE "shall detain the [noncitizen]" as it

---

that alien's removal from the United States.'" *Id.* at 3 (citing 533 U.S. 678, 701 (2001) (holding that six months is found to be a reasonable period of time for removal)).

conducts the removal. 8 U.S.C. § 1231(a)(1)-(2). If ICE does not remove the noncitizen within the 90-day removal period, the noncitizen "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Noncitizens subject to certain INA provisions or determined to be a risk to the community or unlikely to comply with the order of removal "*may* be detained beyond the removal period[.]" § 1231(a)(6) (emphasis added). However, the Supreme Court acknowledged in *Zadvydas* that "[a] statute permitting indefinite detention of a [noncitizen] would raise a serious constitutional problem." 533 U.S. at 690. As such, the Court construed § 1231(a)(6) to limit the Attorney General's discretion to detain a noncitizen beyond the removal period to only that period of time "reasonably necessary to secure removal." *Id.* at 680. "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 680.

In *Johnson v. Guzman Chavez*, the Supreme Court explained that the removal period under Section 1231 may be extended beyond 90-day's in at least three circumstances. 594 U.S. 523, 528-29 (citing §§ 1231(a)(1)(C), (c)(2)(A), (a)(6)). However, even under these circumstances, Section 1231, "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The post-removal period is, instead, limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States," which is presumptively 6 months, or 180 days. *Id.* [2] After that period "if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release [the noncitizen]." *Johnson*, 594 U.S. at 529 (internal quotation marks

[2] "Although not expressly stated, the Supreme Court appears to view the [6]-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2006).

omitted); *see also* 8 C.F.R. § 241.13. For the noncitizen to satisfy this burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the noncitizen need not "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. "And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* at 701.

If the noncitizen's removal is not reasonably foreseeable, the Court "should hold continued detention *unreasonable* and no longer authorized by statute." *Id.* at 680 (emphasis added). "In that case, . . . the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of these conditions." *Id.* at 700.

## III.
## DISCUSSION

Petitioner argues that his detention is in violation of the INA and the Due Process Clause of the Fifth Amendment. *See* Doc. 1 at 20-23. Respondents ask this Court to deny the Petition on two grounds. First, Respondents argue that Petitioner did not appeal his final order of removal, thus DHS is required to detain him under 8 U.S.C. § 1231(a)(2). *See* Doc. 6 at 3-4. Second, Respondents argue that ICE's detention could be prolonged until August 24, 2026, because it falls within the 6-month post-removal period. *Id*.

The Court first finds that 8 U.S.C. § 1231 governs Petitioner's detention. Section 1231 governs the detention of noncitizens during the removal period, which begins when the removal order becomes administratively final, and during the post-removal period that follows. *See* 8 U.S.C. §§ 1231(a)(1)-(3). Petitioner's removal order became administratively final on February

24, 2026, where the IJ granted him pre-conclusion voluntary departure. *See* Doc. 6-2 at 1. Further, Petitioner waived appeal.[3]

Detention following a final removal order is presumptively reasonable for 6 months. *Zadvydas*, 533 U.S. at 680. After that, under *Zadvydas*, the Petitioner's burden is to "provide[] good reason to believe that there is **no significant likelihood of removal** in the reasonably foreseeable future" and the "Government must furnish evidence sufficient to rebut that showing." 533 U.S. at 680, 701 (emphasis added).

The record indicates that Petitioner has been continuously detained since February 24, 2026, for nearly eight months.

However, Petitioner has neither argued nor shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* Petitioner, instead, argues that his detention violates 8 U.S.C. § 1226 and its implementing regulations. *See* Doc. 1 at 2, 18, 20-22. Therefore, the Court concludes that Petitioner has not met his burden under 8 U.S.C. § 1231.

## IV.
## CONCLUSION

For the reasons stated above, Petitioner Cristian Mauricio Paredes Padilla's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

[3] Department of Justice, Executive Office for Immigration Review, *Automated Case Information*, Cristian Paredes Padilla, A-Number: 220-966-656 (Nov. 6, 2026, 3:12 PM), https://acis.eoir.justice.gov/en/caseInformation.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE